OPINION
{¶ 1} Defendant-appellant, Malek B. Aliane, appeals from a resentencing entry of the Franklin County Court of Common Pleas, sentencing him to 11 months in prison for a theft offense in case No. 01CR-06-3405. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On December 8, 2000, defendant was indicted in case No. 00CR-12-6960 on one count of passing a bad check in violation of R.C. 2913.11, a fifth degree felony, four counts of passing bad checks in violation of R.C. 2913.11, felonies of the fourth degree, and one count of theft in violation of R.C. 2913.02, a felony of the third degree. On January 12, 2001, defendant was charged in case No. 01CR-01-213 with possession of criminal tools in violation of R.C. 2923.24, a fifth degree felony, and one count of forgery in violation of R.C. 2913.31, also a fifth degree felony. On June 12, 2001, defendant was indicted in case No. 01CR-06-3405 on one count of theft in violation of R.C.2913.02, a fifth degree felony.
 {¶ 3} The three cases were consolidated for trial. On July 19, 2001, defendant pled guilty in case No. 00CR-12-6960 to three fourth degree felony counts of passing bad checks, one fifth degree felony count of passing a bad check and one count of attempting to pass a bad check. In case No. 01CR-01-213, defendant pled guilty to one count of attempting to pass a bad check. In case No. 01CR-06-3405, defendant pled guilty to one count of theft. The trial court ordered a presentence investigation and scheduled sentencing for August 31, 2001.
 {¶ 4} At the August 31, 2001 sentencing hearing, the trial court sentenced defendant to 11 months on each fifth degree felony count and 17 months on each fourth degree felony count in case No. 00CR-12-6960. In case No. 01CR-01-213, the trial court sentenced defendant to 102 days, for which he was credited with time served. Finally, in case No. 01CR-06-3405, the trial court sentenced defendant to 11 months. The trial court ordered the sentences in 00CR-12-6960 and 01CR-06-3405 to be served consecutively.
 {¶ 5} In judgment entries filed September 7, 2001, the trial court imposed the same prison terms as those pronounced at the sentencing hearing. In addition, the court ordered defendant to pay $7,000 restitution to Rush Motor Sales in case No. 00CR-12-6960, and $594.80 restitution to Sears Northland in case No. 01CR-06-3405. See State v. Aliane, Franklin App. No. 03AP-881, 2004-Ohio-3698 ("Aliane III").[1]
 {¶ 6} Defendant appealed the judgments in case Nos. 00CR-12-6960 and 01CR0-6-3405, arguing that the trial court failed to make the findings required by R.C. 2929.14(B) before imposing prison terms greater than the minimum terms, and failed to make the requisite findings and state its reasons for imposing consecutive sentences, as required under R.C. 2929.14(E)(4).
 {¶ 7} In Aliane I, this court reversed the trial court and remanded the matter for resentencing, upon finding that the trial court failed to sufficiently explain the reasons for imposing consecutive sentences for case Nos. 00CR-12-6960 and 01CR-06-3405.
 {¶ 8} On remand, the trial court held another sentencing hearing in case Nos. 00CR-12-6960 and 01CR-06-3405. In case No. 00CR-12-6960, defendant was resentenced to 11 months for each felony five count and 17 months for each felony four count, to be served consecutively with case No. 01CR-06-3405. Defendant was also ordered to pay $7,000 restitution to Rush Motor Sales. In case No. 01CR-06-3405, defendant was resentenced to 11 months' incarceration to be served consecutively with case No. 00CR-12-6960, and was ordered to pay $594.80 restitution to Sears Northland.
 {¶ 9} Defendant, pro se, appealed from the sentencing entry in case No. 01CR0-6-3405 (assigned on appeal as case No. 02AP-948). Defendant, through counsel, also appealed from the sentencing entry in case No. 00CR-12-6960 (assigned on appeal as case No. 02AP-986). This court consolidated the cases for purposes of determination. In State v. Aliane, Franklin App. No. 02AP-948, 2003-Ohio-2022 ("Aliane II"), this court overruled defendant's sole assignment of error in his appeal assigned case No. 02AP9-86, and overruled three of defendant's four assignments of error in his appeal assigned case No. 02AP-948. However, this court sustained his fourth assigned error, finding that the trial court erred in issuing judgment entries in case Nos. 00CR-12-6960 and 01CR-063-405 that imposed sentences on defendant different from those pronounced in defendant's presence at the resentencing hearing. In the journalized resentencing entries, the trial court had added restitution orders that were not pronounced at the hearing. Accordingly, on April 22, 2003, this court reversed the imposed sentence and remanded the matter for further proceedings.
 {¶ 10} On August 1, 2003, the trial court held a hearing. At said hearing, the trial court limited the hearing to imposing restitution. The trial court ordered defendant to pay $7,000 restitution to Rush Motor Sales in case No. 00CR-12-6960 and $594.80 to Sears Northland in case No. 01CR-06-3405. In its August 5, 2003 resentencing entry in case No. 00CR-12-6960, the trial court resentenced defendant to 11-month prison terms on the felony five counts and 17-month prison terms on the felony four counts and ordered defendant to pay restitution of $7,000 to Rush Motor Sales. In its August 5, 2003 resentencing entry in case No. 01CR-06-3405, the trial court resentenced defendant to an 11-month prison term and ordered him to pay $594.80 restitution to Sears Northland.
 {¶ 11} Defendant, pro se, appealed from the resentencing entry in case No. 01CR0-6-3405 (assigned on appeal as case No. 02AP-840). Defendant, through counsel, also appealed from the resentencing entry in case No. 00CR-12-6960 (assigned on appeal as case No. 02AP-881). This court sua sponte consolidated the appeals, but subsequently sua sponte deconsolidated the appeals.
 {¶ 12} In Aliane III, this court found no error in the amount of the restitution ordered by the trial court to be paid to Rush Motor Sales. However, in State v. Aliane, Franklin App. No. 03AP-840, 2004-Ohio-3730 ("Aliane IV"), this court found error in the trial court proceedings as to case No. 01CR-06-3405. Specifically, this court determined: (1) that the trial court erred in issuing a judgment entry that imposed a sentence on defendant that differed from the sentence pronounced in defendant's presence at the resentencing hearing; (2) that the resentencing hearing was not an independent proceeding; (3) that the trial court failed to comply with the requirements of R.C.2929.18(A)(2), as the amount of restitution was disputed; and (4) that both parties agreed that the calculation of jail-time credit was erroneous. This court accordingly reversed the judgment of the trial court and remanded the matter to that court for further proceedings.
 {¶ 13} On October 29, 2004, the trial court held another resentencing hearing regarding case No. 01CR-06-3405, pursuant to this court's decision in Aliane IV. On November 4, 2004, it journalized a resentencing entry in that case. In said entry, the trial court sentenced defendant to 11 months in prison and ordered the sentence to be served consecutively with the 73-month sentence imposed in case No. 00CR-12-6960. The trial court calculated the total jail-time credit for case Nos. 00CR-12-6960 and 01CR-06-3405 to be 1,274 days. Defendant appeals from that entry, assigning the following as error:
ASSIGNMENT OF ERROR NUMBER ONE
THE TRIAL COURT DENIED DEFENDANT DUE PROCESS OF LAW WHEN IT FAILED TO INSURE THAT THE SENTENCE IMPOSED WAS CONSISTENT WITH SIMILAR SENTENCES FOR SIMILAR OFFENDERS; IN VIOLATION OF R.C.2929.11(B).
ASSIGNMENT OF ERROR NUMBER TWO THE TRIAL COURT DENIED DEFENDANT DUE PROCESS OF LAW WHEN IT FAILED TO CONDUCT AN IMPARTIAL HEARING AT RESENTENCING.
ASSIGNMENT OF ERROR NUMBER THREE
THE TRIAL COURT DENIED DEFENDANT DUE PROCESS OF LAW, WHEN IT ISSUED A JUDGMENT ENTRY IMPOSING A SENTENCE, THAT DIFFERS FROM THE SENTENCE PRONOUNCED IN VIOLATION OF CRIMINAL RULE 43(A).
ASSIGNMENT OF ERROR NUMBER FOUR
THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO A NON-MINIMUM PRISON TERM BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY APPELLANT.
 {¶ 14} By his first assignment of error, defendant argues that the trial court failed to comply with R.C. 2929.11(B) because it did not insure that the sentence was consistent with similar sentences for similar offenses. R.C. 2929.11(B) provides as follows:
A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 15} In support of his contention, defendant refers this court to two cases from the Franklin County Court of Common Pleas, wherein the defendants were apparently given less severe sentences for theft offenses. We do not view defendant's reference to two other cases from the Franklin County Court of Common Pleas as demonstrating that the trial court failed to comply with R.C. 2929.11(B). See State v. Johnson, Cuyahoga App. No. 80533, 2002-Ohio-5960, at ¶ 32 (finding that the defendant's citation "to a mere three cases he believes are similar is not sufficient to convince this court that the appellant's sentence was disproportionate"). See, also, State v.Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341, at ¶ 23 ("Simply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency."). We find that defendant has not demonstrated that his sentence was inconsistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 16} Therefore, we overrule defendant's first assignment of error.
 {¶ 17} Defendant contends in his second assignment of error that the trial court failed to conduct an impartial hearing at resentencing because it adopted the state's sentencing memorandum as its own findings. The state argues, inter alia, that it is not improper for a trial court to adopt a party's sentencing memorandum.
 {¶ 18} Defendant asserts that the trial court failed to make the necessary findings for imposing his sentence because it simply read into the record the state's sentencing memorandum. Defendant seems to argue that because the trial court's findings at the resentencing hearing were the same as stated in the state's sentencing memorandum, then the findings were insufficient under Ohio sentencing law. Under defendant's reasoning, a sentencing court would not be permitted to make findings that are suggested by either party.
 {¶ 19} We find no error in the trial court's implicit adoption of the state's sentencing memorandum. By filing the sentencing memoranda, the state and defendant provided the findings and sentences they believed were appropriate under the circumstances. The court indicated that it had considered the state's, as well as defendant's, sentencing memoranda. The fact that the trial court essentially adopted the findings suggested in the state's sentencing memorandum was not error.
 {¶ 20} Based on the foregoing, we overrule defendant's second assignment of error.
 {¶ 21} In his third assignment of error, defendant argues that the sentence imposed in the judgment entry differs from the sentence pronounced at the sentencing hearing, and therefore the trial court did not comply with Crim.R. 43(A), which provides, in part, that "[t]he defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence[.]" This court has held that a trial court errs when it issues a judgment entry imposing a sentence that differs from the sentence pronounced in the defendant's presence. See, e.g.,Aliane II.
 {¶ 22} Defendant specifically contends that the 1,274 days of jail-time credit awarded at the sentencing hearing applied only to case No. 01CR-06-3405, but the 1,274 days of jail-time credit awarded in the November 4, 2004 resentencing entry applied to case Nos. 01CR-06-3405 and 00CR-12-6960. The state argues that defendant has misread the sentencing hearing transcript and that there is no inconsistency between what was awarded at the sentencing hearing and in the resentencing entry.
 {¶ 23} In Aliane IV, both parties agreed that the calculation of jail-time credit was erroneous, and both parties requested that this court remand the case for a correct calculation of defendant's jail-time credit. See id. at ¶ 21-22. This court accordingly sustained defendant's fourth assignment of error "to allow the court to reconsider the calculation of jail-time credit and to articulate on the record, the basis of that calculation." Aliane IV, at ¶ 22.
 {¶ 24} At the October 29, 2004 resentencing hearing, a discussion was held regarding the proper calculation of jail-time credit. The prosecutor presented the state's position that defendant was entitled to 1,274 days of jail-time credit. The prosecutor explained that the number was based on defendant's confinements relating to his arrests in November 2000, January 2001, and June 2001, and his continuous confinement from the first sentencing hearing in August 2001. Defense counsel sought a clarification as to whether that number was "a combination of both cases." (Oct. 29, 2004, Tr. 9.) The prosecutor clarified that the 1,274 days applied to both cases, which constituted "every single day Mr. Aliane was confined." (Id. at 10.) The trial court asked whether the 1,274 days applied "in this case?" (Id.) The prosecutor answered: "And the other — since this is consecutive to the other case number, when you add it altogether, we are going to subtract 1,274 days, that's what the sentence will be." (Id.) Defense counsel stated that he and his client would not object to that calculation, and defendant added, "We will take that." (Id.) To conclude the discussion, the trial court stated, "I will give him 1,274 days of jail-time credit. Okay." (Id.)
 {¶ 25} In the November 4, 2004 resentencing entry, the trial court calculated the jail-time credit to be 1,274 days and specified that "[t]his jail time credit is the total credit to be awarded in both 00CR-12-6960 and 01CR-06-3405, and subsumes any prior jail time credit awarded in either case number."
 {¶ 26} Although initially there was some confusion at the October 29, 2004 resentencing hearing as to the amount of jail-time credit that defendant was entitled to, it became clear that defendant was entitled to, in the aggregate, 1,274 total days of jail-time credit for case Nos. 01CR-06-3405 and 00CR-12-6960. We find that the jail-time credit calculation in the judgment entry was consistent with the jail-time credit calculation at the resentencing hearing.
 {¶ 27} Furthermore, we note that, pursuant to R.C. 2967.191, the duty to grant credit rests with the Ohio Adult Parole Authority, rather than the trial court. State ex rel. Jones v.O'Connor (1999), 84 Ohio St.3d 426, 427. Nonetheless, the trial court calculates the credit for time served. Ohio Adm. Code5120-2-04(B) provides:
The sentencing court determines the amount of time the offender served before being sentenced. The court must make a factual determination of the number of days credit to which the offender is entitled by law and, if the offender is committed to a state correctional institution, forward a statement of the number of days of confinement which he is entitled by law to have credited. This information is required to be included within the journal entry imposing the sentence or stated prison term.
 {¶ 28} Here, the trial court calculated the amount of jail-time credit "to be awarded." Defendant concurred with the numerical calculation at the sentencing hearing. However, as discussed above, defendant seems to argue that that number applies only in case No. 01CR-06-3405. Defendant's argument is not supported by the transcript of the October 29, 2004 resentencing hearing nor the November 4, 2004 resentencing entry. Moreover, under defendant's reasoning, he would receive 1,274 days of jail-time credit for his 11-month sentence in case No. 01CR-06-3405.
 {¶ 29} Considering the foregoing, we overrule defendant's third assignment of error.
 {¶ 30} Defendant argues in his fourth assignment of error that the trial court erred in imposing a non-minimum, consecutive sentence based on facts not found by a jury or admitted by him. This argument is premised on the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531.
 {¶ 31} In Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely, at 303, the United States Supreme Court, in applying the rule in Apprendi, held that the statutory maximum is "the maximum sentence a judge may imposesolely on the basis of the facts reflected in the jury verdictor admitted by the defendant." (Emphasis sic.)
 {¶ 32} This court has rejected the application of Blakely
to Ohio's sentencing scheme. See, e.g., State v.Molina-Almaguer, Franklin App. No. 04AP-1295, 2005-Ohio-5798. That is, this court has considered and rejected the constitutional argument raised by defendant's fourth assignment of error. See, e.g., State v. Abdul-Mumin, Franklin App. No. 04AP-485, 2005-Ohio-522. Therefore, we find defendant's constitutional argument to be unpersuasive.
 {¶ 33} Under his fourth assignment of error, defendant also argues that the trial court erred in imposing a prison term for his fifth degree felony offense because the trial court did not find that he is not amenable to an available community control sanction. (See defendant's merit brief, citing both R.C.2929.14[A][5] and 2929.13[B][2][a].) Contrary to defendant's assertion, the trial court, at the October 29, 2004 resentencing hearing, stated its finding that, upon its consideration of the seriousness and recidivism factors in R.C. 2929.12, a prison sentence, rather than community control, would be consistent with the purposes of felony sentencing set forth in R.C. 2929.11.
 {¶ 34} Accordingly, we overrule defendant's fourth assignment of error.
 {¶ 35} Having overruled all four of defendant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
French and Travis, JJ., concur.
[1] For a more detailed factual and procedural history of this matter, see State v. Aliane, Franklin App. No. 01AP-1110, 2002-Ohio-2932 ("Aliane I").