[Cite as *State v. Robinson*, 2016-Ohio-4638.]

IN THE COURT OF APPEALS OF OHIO

TENANT APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-910 |
| | | (C.P.C. No. 14CR-0879) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Derrick L. Robinson, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 28, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Steven P. Billing*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Derrick L. Robinson, appeals from a judgment entry of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty plea, of one count of involuntary manslaughter, one count of burglary, one count of aggravated robbery, and one count of having a weapon while under disability, and sentencing him to an aggregate term of 19 years in prison. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} By indictment filed February 21, 2014, plaintiff-appellee, State of Ohio, charged Robinson, along with two other codefendants, Melanie Dawn Spears and Terrille Desean Ellis, with one count of aggravated murder in violation of R.C. 2903.01, an unclassified felony; one count of aggravated burglary in violation of R.C. 2911.11, a first-degree felony; one count of aggravated robbery in violation of R.C. 2911.01, a first-degree

felony; and one count of having a weapon while under disability in violation of R.C. 2923.13, a third-degree felony. The aggravated murder, aggravated burglary, and aggravated robbery charges all carried accompanying firearm specifications. All four charges related to the home invasion shooting death of Shaun Fullen on November 20, 2013.

{¶ 3} Though Robinson initially entered a plea of not guilty to all charges, on October 9, 2014 Robinson entered a guilty plea to the stipulated lesser included offense of involuntary manslaughter in violation of R.C. 2903.04, a first-degree felony, with an accompanying three-year firearm specification; the stipulated lesser included offense of burglary in violation of R.C. 2911.12, a third-degree felony; one count of aggravated robbery in violation of R.C. 2911.01, a first-degree felony; and one count of having a weapon while under disability in violation of R.C. 2923.13, a third-degree felony.

{¶ 4} At the plea hearing, the state recited the facts for the trial court, stating that on November 20, 2013, Spears recruited Robinson and Ellis to commit a robbery and met with them several times throughout the day. That evening, Spears let Ellis and Robinson into the home under the guise that she was being robbed. Once Ellis and Robinson were inside the home, a confrontation occurred and Ellis shot and killed Fullen. Ellis and Robinson then ransacked the home, took money and guns, and fled the scene. Prosecutors further stated Robinson was under disability from a 1994 conviction for aggravated robbery. The trial court accepted Robinson's guilty plea, ordered a presentence investigation, and set the matter for sentencing. The parties jointly recommended a sentence range between 19 and 31 years in prison.

{¶ 5} At the August 21, 2015 sentencing hearing, the trial court sentenced Robinson to seven years on the involuntary manslaughter count plus an additional three years on the firearm specification, three years on the burglary count, three years on the aggravated robbery count, and three years on the having a weapon while under disability count. The trial court ordered Robinson to serve all counts consecutively to each other and consecutively to the firearm specification for an aggregate prison term of 19 years. The trial court journalized Robinson's convictions and sentence in an August 26, 2015 judgment entry. Robinson timely appeals.

## II. Assignments of Error

{¶ 6}  Robinson assigns the following errors for our review:

> [1.] The trial court erred in imposing consecutive terms of imprisonment, in violation of R.C. 2929.14(C)(4).
>
> [2.] The trial court erred in imposing the maximum terms of imprisonment on Count Two of the indictment (burglary without specification) and Count Four of indictment (having a weapon under disability).

## III. Standard of Review

{¶ 7}  Both of Robinson's assignments of error assert the trial court erred in imposing Robinson's sentence.  An appellate court will not reverse a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or that the sentence is contrary to law.  *State v. Chandler*, 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 10, citing *State v. Maxwell*, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 27, citing *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 10.  *See also State v. Marcum*, ___ Ohio St.3d ___, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law").  "In determining whether a sentence is contrary to law, an appellate court must review the record to determine whether the trial court considered the appropriate statutory factors, made the required findings, gave the reasons for its findings, and properly applied the statutory guidelines."  *Maxwell* at ¶ 27, citing *State v. Altalla*, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, ¶ 7.

## IV. First Assignment of Error – Consecutive Sentences

{¶ 8}  In his first assignment of error, Robinson argues the trial court erred in imposing consecutive terms of imprisonment.

{¶ 9}  Before imposing consecutive sentences, a court must make certain findings. R.C. 2929.14(C) provides as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the

public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} Thus, pursuant to R.C. 2929.14(C)(4), in order to impose consecutive terms of imprisonment, a trial court is required to make at least three distinct findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b), or (c) applies. *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

{¶ 11} A trial court seeking to impose consecutive sentences must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and also incorporate such findings into its sentencing entry. *Bonnell* at ¶ 37. However, the trial court need not state reasons to support its findings, nor is the court "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* "[A] word-for-word recitation of the language of the statute is not required," but where "the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the

record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 12} At the August 21, 2015 sentencing hearing, in announcing it would impose consecutive sentences, the trial court stated:

> I will make them consecutive to protect the public and punish the offender.  Obviously it's not disproportional to the seriousness of the offense or the danger the offender poses to the public, so that's why they're consecutive, for a total of 19 years.

 (Tr. at 21.)  Robinson argues the trial court did not make the requisite finding that one of the subsections (a), (b), or (c) applies to warrant the imposition of consecutive sentences. However, upon review of the transcript of the sentencing hearing, the trial court stated it was familiar with the facts of the case.  In its recitation of facts at the plea hearing, the state noted Robinson has a prior conviction for aggravated robbery.  *See, e.g., State v. Dixon*, 10th Dist. No. 15AP-432, 2015-Ohi0-5277, ¶ 24 (where a case involves a guilty plea, the prosecutor's recitation of facts, to which the defendant did not object, contains support for the trial court's findings of fact in imposing the sentence).  At the sentencing hearing, the trial court stated it had reviewed both the presentence investigation report and Robinson's sentencing memorandum, both of which discussed Robinson's extensive criminal history beginning when he was a juvenile and continuing into adulthood.  *State v. Aliane*, 10th Dist. No. 04AP-1259, 2006-Ohio-228, ¶ 19 (a sentencing court does not err in implicitly adopting the findings from a sentencing memorandum at the sentencing hearing).  The victim's family and Robinson's counsel also spoke at the sentencing hearing about Robinson's criminal history.

{¶ 13} Additionally, the judgment entry states:

> The Court further finds that consecutive sentences are necessary to protect the public from future crime, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Aug. 26, 2015 Jgmt. Entry at 2.)  Having reviewed the entire record, we agree with the state that although the trial court did not expressly state it was making the finding under R.C. 2929.14(C)(4)(c), the record supports such a finding.  There was ample evidence regarding Robinson's criminal history to adequately support the trial court's finding that consecutive sentences were necessary to protect the public from future crime by Robinson given his history of criminal conduct.  Because the trial court engaged in the appropriate analysis, the record supports the trial court's findings under R.C. 2929.14(C)(4), and the trial court appropriately journalized those findings in its judgment entry, we conclude Robinson's consecutive sentences are in accordance with law.  We overrule Robinson's first assignment of error.

## V. Second Assignment of Error – Maximum Terms of Imprisonment

{¶ 14} In his second assignment of error, Robinson argues the trial court erred in imposing the maximum term of imprisonment on the burglary and having a weapon under disability counts.  More specifically, Robinson argues the trial court failed to state its reasons for imposing the maximum sentence on those two counts and that the facts do not support imposition of the maximum sentence on those counts.

{¶ 15} R.C. 2929.11 sets forth the purposes and principles of felony sentencing. Pursuant to R.C. 2929.11, which provides in pertinent part:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purpose of felony sentencing.  The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.  To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
>
> (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and

> consistent with sentences imposed for similar crimes committed by similar offenders.

Further, under R.C. 2929.12(A), a court imposing a sentence on a felony offender has discretion to determine the most effective way to comply with the purposes and principles of felony sentencing. Thus, the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating the seriousness of the offender's conduct, as well as the factors set forth in divisions (D) and (E) relating to the likelihood of recidivism, along with any other relevant factors.

{¶ 16} Robinson argues the maximum terms of imprisonment he received on the burglary and having a weapon under disability counts are disproportionate to the less-than-maximum sentences he received on the involuntary manslaughter and aggravated robbery counts. To the extent Robinson argues the trial court needed to explicitly state the factors it considered before imposing the sentence, we note that "[i]t is well settled that [R.C. 2929.11 and 2929.12] do not mandate judicial fact-finding." *State v. Holloman*, 10th Dist. No. 07AP-875, 2008-Ohio-2650, ¶ 18. Instead, the proper inquiry is whether the trial court "failed to properly *consider* the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12." (Emphasis added.) *State v. McMichael*, 10th Dist. No. 11AP-1042, 2012-Ohio-3166, ¶ 42. *See also Holloman* at ¶ 18.

{¶ 17} The judgment entry states "[t]he Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the facts set forth in R.C. 2929.12," and "the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14." (Aug. 26, 2015 Jgmt. Entry at 2.) Such language in the judgment entry defeats a claim that the trial court failed to consider the purposes and principles of sentencing. *State v. Ganguly*, 10th Dist. No. 14AP-383, 2015-Ohio-845, ¶ 45, citing *State v. Murphy*, 10th Dist. No. 12AP-952, 2013-Ohio-5599, ¶ 13, citing *State v. Reeves*, 10th Dist. No. 09AP-493, 2010-Ohio-4018, ¶ 16.

{¶ 18} The three-year sentences the trial court imposed on both the burglary and having a weapon while under disability charge are within the statutory range of permissible sentences the trial court could impose for these offenses. Consequently, neither the sentencing hearing nor the judgment entry reflects an abuse of discretion in the trial court's imposing the maximum sentences on those two counts. *See State v.*

*Salinas*, 10th Dist. No. 09AP-1201, 2010-Ohio-4738, ¶ 65 (no abuse of discretion in imposing mandatory sentences where those sentences are within the statutory range of permissible sentences). Additionally, we note that both parties jointly recommended a sentence range of 19 to 31 years, and the aggregate term of 19 years in prison is within that range.

{¶ 19} Accordingly, we conclude Robinson's sentences on the burglary and having a weapon under disability charges are in accordance with law. We, therefore, overrule Robinson's second and final assignment of error.

## VI. Disposition

{¶ 20} Based on the foregoing reasons, Robinson's sentence is in accordance with law. Having overruled Robinson's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.

————————————