[Cite as *State v. Walker*, 2020-Ohio-5598.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020-COA-024 |
| GARY WALKER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:          Criminal appeal from the Ashland County
                                                          Court of Common Pleas, Case No.08-CRI-
                                                          108

JUDGMENT:                                        Affirmed

DATE OF JUDGMENT ENTRY:          December 7, 2020

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

CHRISTOPHER TUNNELL                    GARY D. WALKER PRO SE
Ashland County Prosecutor                # A554324
AMY R. INZINA                                    Warren Correctional Inst.
Assistant Prosecutor                          5787 State Route 63
110 Cottage Street                              Lebanon, OH 45036
Ashland, OH 44806

*Gwin, P.J.*

{¶1} Appellant Gary D. Walker ["Walker"] appeals the June 19, 2020 decision of the Court of Common Pleas, Ashland County, which denied his pro se motion to correct jail time credit.

*Facts and procedural History*

{¶2} In Cuyahoga County Common Pleas Court Case Number CR-06-480404, Walker was sentenced to one year in prison for three charges including failure to comply with police order, a felony of the third degree, trafficking, a felony of the fourth degree, and attempted felonious assault, a felony of the third degree. Walker was sentenced to three years of post-release control under R.C. 2967.28.

{¶3} After serving his prison sentence and within three years of being released, Walker was charged in Ashland County by complaint with three counts of Complicity to Commit Forgery in violation of R.C. 2923.03(A)(2) and R.C. 2913.31(A)(3).

{¶4} On September 9, 2008, Walker entered pleas of guilty in the Ashland County Court of Common Pleas to three counts of complicity to forgery. Each count was a violation of R.C. 2923.03(A)(2) and 2913.31(A)(3), and each was a felony of the fifth degree.

{¶5} On October 14, 2008, the trial court sentenced Walker to three terms of ten months in prison, to be served concurrently. The court further ordered Walker to serve an additional prison sentence of one year, consecutive, for the violation of his prior post-release control, pursuant to R.C. 2929.141. The trial court also advised Walker of the possibility of up to three years of post-release control upon completion of the prison term.

**Walker's 2011 Motion and Appeal.**

{¶6}     On September 19, 2011, Walker filed a "motion to correct void sentence" in the Ashland County Court of Common Pleas. Walker therein essentially argued that the aforementioned imposition of one year of prison time for the post-release control violation from his prior case (in the Cuyahoga County Court of Common Pleas) was void because that court had not properly advised him of certain terms of his post-release control sanctions. On October 6, 2011, the Ashland County Court of Common Pleas overruled Walker's motion to correct void sentence.  Walker appealed that decision to this Court. On March 30, 2012, this Court overruled Walker's two assigned errors and affirmed the decision of the trial court. *See State v. Walker*, 5th Dist. Ashland No. 11–COA–046, 2012–Ohio–1513.

**Walker's 2017 Motion and Appeal.**

{¶7}     On February 15, 2017, Walker filed a "motion to vacate judicial sanction" in the Ashland County Court of Common Pleas. Walker therein argued that the trial court should vacate the judicial sanctions imposed pursuant to  R.C. 2929.141(A)(1) because the September 2006 journal entry from the Cuyahoga County Common Pleas Court case did not advise Walker of the consequences contained within said statute, which, in turn, prohibited the Ashland County trial court from properly imposing those judicial sanctions. On March 14, 2017, the state filed a response.  By Judgment Entry filed May 22, 2017, the trial court denied Walker's motion, finding same was barred by the doctrine of res judicata. Walker appealed to this Court. On October 5, 2017, we overruled Walker's three Assignments of Error. *See State v. Walker*, 5th Dist. Ashland No. 17 COA 016, 2017-Ohio-8111. Walker's appeal to the Ohio Supreme Court was thereafter dismissed as

improvidently allowed. *See State v. Walker*, 155 Ohio St.3d 456, 2018-Ohio-4960, 122 N.E.3d 139.

**Walker's 2018 Motion and Appeal.**

{¶8} On November 26, 2018, Walker filed a "motion to vacate void judgment" in the Ashland County Court of Common Pleas, alleging that said court lacked subject matter jurisdiction. The state filed a response on December 5, 2018. The motion to vacate was denied via a judgment entry issued April 4, 2019. Walker appealed to this Court. On August 19, 2019, we overruled Walker's sole Assignment of Error. *See State v. Walker*, 5th Dist. Ashland No. 19 COA 010, 2019-Ohio-3336.

**The present appeal.**

{¶9} On April 20, 2020, Walker filed a motion to correct jail-time credit. Walker asserted he was entitled to 365 days of credit towards the post-release control sanction for the time he originally served in Cuyahoga County Common Pleas Court Case Number CR-06-480404. The trial court denied the motion. Judgment Entry, June 19, 2020.

*Assignment of Error*

{¶10} Walker raises one Assignment of Error,

{¶11} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT APPELLANT 365 DAYS OF CREDIT FOR TIME SERVED AGAINST APPELLANT'S JUDICAL SANCTION SENTENCE IMPOSED PURSUANT TO R.C. 2929.141."

*Law and Analysis.*

{¶12} Pursuant to R.C. 2929.141, it is within the trial court's authority to impose a prison term for a violation of post-release control at the same time it sentences for a new

felony. *State v. Hill*, 5th Dist. No. CT2007–0042, 2008–Ohio–2867, ¶ 19. In the original judgment entry of sentencing in this case the trial court noted,

> It is further ORDERED that [Walker's] post-release control shall be TERMINATED based upon his violations of post-release control. The Court FINDS that the Defendant's time remaining on post-release control is fifty-six (56) days, which is less than one year. It is therefore ORDERED that the Defendant shall serve an additional prison sentence of one (1) year for the violation of his post-release control, pursuant to Ohio Revised Code Section 2929.141. It is further ORDERED, pursuant to law that the post-release control time shall be served CONSECUTIVELY to the sentence imposed above with regards to Counts One, Two, and Three.

*See, State v. Walker,* 5th Dist. Ashland No. 11 COA 046, 2012-Ohio-1516, ¶4.

{¶13} R.C. 2929.141 states in relevant part,

> (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation *shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under*

*post-release control for the earlier felony.* In all cases, any prison term imposed for the violation *shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction.* A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony. (Emphasis added).

{¶14} It is evident that R.C. 2929.141 has explicitly taken into consideration the length of time the offender had served while on post-release control when it authorizes a trial court to impose the time remaining to be served on post-release control or twelve months, *whichever is greater.*

{¶15} In *State v. Martello,* the Ohio Supreme Court held,

R.C. 2967.28(F)(4), which specifies that a person released on post-release control who violates conditions of that post-release control faces a term of incarceration for the violation as well as criminal prosecution for the conduct that was the subject of the violation as a felony in its own right, does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions.

97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, syllabus.

{¶16} In the case at bar, the Ashland County Court of Common Pleas imposed a one year prison sentence for the post-release control violation. Walker has pointed to nothing in the record to establish any prison sentence was "administratively imposed *by the parole board as a post-release control sanction.*" The original sentence in the

Cuyahoga County Court of Common Pleas was imposed *by the trial court* for the commission of the underlying crimes, not for the violation of post-release control. R.C. 2929.141 does not mandate reduction of the term of imprisonment for the time spent in prison on the underlying charge.

{¶17} The time Walker was on post-release control in the Cuyahoga County case is separate from any post-release control requirement mandated by R.C. 2967.28 in the Ashland County case and thus Walker is not entitled to any credit in the Ashland County case for the post-release control served in the Cuyahoga County case. *Ohio v. Powell*, 5th Dist. Ashland No. 19-COA-022, 2019-Ohio-3858, ¶14(*citing State v. Miller,* 6th Dist. Huron No. 04-002, 2004-Ohio-6654 [holding that a defendant is not entitled to jail time credit on a subsequent conviction for time served for a prior post-release control sanction]).

{¶18} Walker served 365 days in prison for Cuyahoga County Common Pleas Court case number CR-06-480404. Walker was then placed on post-release control for three years. While on post-release control, Walker committed three new felonies in Ashland County. The felonies committed in Ashland County had no relation to the Cuyahoga County Common Pleas Court case. R.C. 2929.19(B)(2)(g)(i) concerning the calculation of jail time credit notes that, "The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction *arising out of any prior offense for which the prisoner was convicted and sentenced.*" Thus, Walker is not entitled to any jail time credit in Ashland County for the time he spent in prison for the Cuyahoga County case.

{¶19} The cases cited by Walker, *State v. Christian,* 159 Ohio St.3d 510, 2020-Ohio-828, 152 N.E.3d 216, *State v. Armengu,* 10th Dist. Franklin No. 18AP-300, 2020-Ohio-3552, *State v. Daniels,* 9th Dist. Summit No. 26406, 2013-Ohio-358, and *State v. Aliane,* 10th Dist. Franklin No. 04AP-1259, 2006-Ohio-228 all involved cases in which the appellant's case was reversed and remanded for resentencing.

{¶20} In *Christian*, the trial court originally ordered Christian to serve the sentences for Counts Two and Three concurrently with the sentence for Count Five. On remand, the trial court ordered Christian to serve the sentence for Count Two consecutively to the sentence for Count Five. The Supreme Court held, "Because Christian served prison time on those counts simultaneously, she is entitled to have that time credited toward both of her new sentences on those counts." 159 Ohio 510, 2020-Ohio-828, 152 N.E.3d 216, ¶24.

{¶21} In *Armengu,* the Court held, "When resentencing on Count 15, the trial court should have credited Armengu for time already served in connection with the conduct underlying the offense and should not have used the sentencing package doctrine to effectuate the prior sentencing judge's intent in lieu of the Title 29 sentencing provisions including giving a factual basis for the new consecutive sentence pursuant to *Christian*." 2020-Ohio-3552, ¶20.

{¶22} In *Daniels,* the Court held, "Although the trial court previously calculated Daniels' credit for time served at the time of his original sentencing, the court did not include the credit in its March 2012 sentencing entry when it resentenced Daniels. The court was obligated to include Daniels' credit calculation in its sentencing entry. *Keith* at

¶ 6. Accordingly, Daniels' fourth assignment of error is sustained on that basis." 2013-Ohio-358.¶19.

{¶23} In *Aliane,* the Court held, "Although initially there was some confusion at the October 29, 2004 resentencing hearing as to the amount of jail-time credit that defendant was entitled to, it became clear that defendant was entitled to, in the aggregate, 1,274 total days of jail-time credit for case Nos. 01CR-06-3405 and 00CR-12-6960. We find that the jail-time credit calculation in the judgment entry was consistent with the jail-time credit calculation at the resentencing hearing… [T]he trial court calculated the amount of jail-time credit "to be awarded." Defendant concurred with the numerical calculation at the sentencing hearing. However, as discussed above, defendant seems to argue that that number applies only in Case No. 01CR-06-3405. Defendant's argument is not supported by the transcript of the October 29, 2004 resentencing hearing nor the November 4, 2004 resentencing entry. Moreover, under defendant's reasoning, he would receive 1,274 days of jail-time credit for his 11-month sentence in case No. 01CR-06-3405. Considering the foregoing, we overrule defendant's third assignment of error." 2006-Ohio-228, ¶26; ¶28.

{¶24} None of the cases cited by Walker construe R.C. 2929.141.

{¶25} In the original sentencing entry, the trial court took into account the time Walker spent on post-release control. The trial court determined that Walker had fifty-six days of the three year post-release control sanction remaining. Because one year is greater than 56 days, the trial court was authorized by R.C. 2929.141 to impose the one-year sentence in its entirety. To award credit for time served in the Cuyahoga County case on the underlying offenses to the sentence Walker received for committing new

felonies in Ashland County while he was on post release control in Cuyahoga County would result in Walker receiving double credit for two separate offenses.

{¶26} Walker's sole Assignment of Error is overruled.

{¶27} The judgment of the Ashland County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur