[Cite as *State v. Anderson*, 2017-Ohio-7375.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-810 |
| | | (C.P.C. No. 16CR-1907) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| William P. Anderson, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 29, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Yeura R. Venters,* Public Defender, and *David L. Strait*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, William P. Anderson, appeals from a judgment entry of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty plea, of three counts of rape. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} By indictment filed April 7, 2016, plaintiff-appellee, State of Ohio, charged Anderson with three counts of rape in violation of R.C. 2907.02, all felonies of the first degree, and one count of gross sexual imposition in violation of R.C. 2907.05, a third-degree felony. Initially, Anderson entered a plea of not guilty. On September 21, 2016, however, Anderson entered a guilty plea to the three rape counts and the state entered a nolle prosequi on the gross sexual imposition count.

{¶ 3} The trial court ordered a pre-sentence investigation. Anderson's counsel also obtained a sexual offender risk assessment by forensic psychologist John L. Tilley, Psy.D., who concluded "Mr. Anderson is at a very low risk of reoffending." (Oct. 17, 2016 Report at 5, attached to Def.'s Nov. 10, 2016 Mot.) Anderson filed a sentencing memorandum on October 27, 2016 which explicitly referred to Dr. Tilley's conclusions that Anderson had a very low risk of reoffending. The pre-sentence investigation report also included Dr. Tilley's findings.

{¶ 4} At the sentencing hearing on November 1, 2016, both the state and counsel for Anderson discussed Dr. Tilley's conclusions in making their sentencing recommendations. The trial court additionally stated it had reviewed the pre-sentence investigation report. At the conclusion of the hearing, the trial court imposed a sentence of 7 years on each of the three rape counts, ordering the sentences to run consecutively for an aggregate term of 21 years. In imposing the sentence, the trial court stated:

> I have considered all seriousness and recidivism factors of 2929.12(B) through (E). Recidivism factors, prior adjudication or history of criminal convictions. Recidivism unlikely, I do not find any factors. More serious factors, I do find that the injury to the victim was worsened by the physical and mental condition and age of the victim; that the victim suffered serious physical, psychological harm as a result of the offense. Less serious, I do not find any factors.

(Nov. 1, 2016 Tr. at 18-19.) The trial court journalized Anderson's convictions and sentence in a November 1, 2016 judgment entry. Anderson timely appeals.

## II. Assignment of Error

{¶ 5} Anderson assigns the following error for our review:

> The trial court committed reversible error by imposing a sentence for a felony without considering the factors set forth in R.C. 2929.12(E).

## III. Analysis

{¶ 6} In his sole assignment of error, Anderson argues the trial court erred in imposing his sentence. More specifically, Anderson asserts the trial court failed to consider the factors set forth in R.C. 2929.12(E).

{¶ 7} An appellate court will not reverse a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or that the sentence is contrary to law. *State v. Chandler*, 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 10, citing *State v. Maxwell*, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 27, citing *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 10. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law"). "In determining whether a sentence is contrary to law, an appellate court must review the record to determine whether the trial court considered the appropriate statutory factors, made the required findings, gave the reasons for its findings, and properly applied the statutory guidelines." *Maxwell* at ¶ 27, citing *State v. Altalla*, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, ¶ 7.

{¶ 8} As the state notes, Anderson did not object to the court's consideration of the R.C. 2929.12 factors at the sentencing hearing, so our review is limited to plain error. Crim.R. 52(B); *State v. Price*, 10th Dist. No. 13AP-1085, 2014-Ohio-4065, ¶ 7. "A court recognizes plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice." *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 58 (10th Dist.), citing *State v. Saleh*, 10th Dist. No. 07AP-431, 2009-Ohio-1542, ¶ 68.

{¶ 9} For an error to be a "plain error" under Crim.R. 52(B), it must satisfy three prongs: (1) there must be an error, meaning a deviation from a legal rule, (2) the error must be "plain," meaning an "obvious" defect in the trial proceedings, and (3) the error must have affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶ 10} Anderson argues the trial court failed to consider the factors set forth in R.C. 2929.12(E), which provides:

> The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
>
> (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

> (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
>
> (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
>
> (4) The offense was committed under circumstances not likely to recur.
>
> (5) The offender shows genuine remorse for the offense.

R.C. 2929.12(E)(1) through (5).

{¶ 11} Here, the trial court wrote in its judgment entry imposing Anderson's sentence that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." (Jgmt. Entry at 1.) The inclusion of such language in a judgment entry belies a defendant's claim that the trial court failed to consider the R.C. 2929.12 factors regarding recidivism. *State v. Reeves*, 10th Dist. No. 14AP-856, 2015-Ohio-3251, ¶ 7.

{¶ 12} To the extent Anderson argues the record does not support the trial court's statement that it considered the factors set forth in R.C. 2929.12, we disagree. First, we note the trial court specifically stated at the sentencing hearing that it had considered all the findings in R.C. 2929.12(E). The trial court then stated "[r]ecidivism unlikely, I do not find any factors." (Nov. 1, 2016 Tr. at 18.) We agree with Anderson that this statement, when taken in isolation, is confusing. Anderson construes this statement to mean the trial court did not find any statutory factors that support a finding that recidivism is unlikely, and Anderson further asserts the record would undermine such a finding given that Anderson had no prior adult criminal convictions and given Dr. Tilley's report concluding that Anderson was unlikely to reoffend.

{¶ 13} Anderson asserts that because he had a prior juvenile adjudication but no prior adult adjudication, the trial court's statement that it did not "find any factors" was necessarily inconsistent with the record. However, Anderson's argument relies on an overly restrictive interpretation of the trial court's statements during the sentencing hearing. Taking into consideration that counsel for both parties discussed Dr. Tilley's conclusions at the sentencing hearing, we construe the trial court's statement instead to

mean it considered whether recidivism was unlikely and concluded that was not the case. The record is entirely consistent with that conclusion.  Though the language the trial court used may have been imprecise, we note that "[i]t is well-settled that [R.C. 2929.11 and 2929.12] do not mandate judicial fact-finding." *State v. Holloman*, 10th Dist. No. 07AP-875, 2008-Ohio-2650, ¶ 18.  Instead, the proper inquiry is whether the trial court "failed to properly *consider* the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12." (Emphasis added.) *State v. McMichael*, 10th Dist. No. 11AP-1042, 2012-Ohio-3166, ¶ 42. As we noted above, here the record is clear that that trial court considered the applicable factors.

{¶ 14} Moreover, the trial court was under no obligation to accept Dr. Tilley's conclusions in imposing a sentence, as " 'the trial court, in exercising its sentencing discretion, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.' "  *Reeves* at ¶ 10, quoting *State v. Todd*, 10th Dist. No. 06AP-1208, 2007-Ohio-4307, ¶ 23.  Finally, we note the sentence falls within the applicable statutory range.   Though Anderson disagrees with the trial court's balancing of the sentencing factors and other relevant considerations, "such a disagreement does not make a sentence that falls within the applicable statutory range contrary to law."  *Reeves* at ¶ 10, citing *State v. Stubbs*, 10th Dist. No. 13AP-810, 2014-Ohio-3696, ¶ 16.

{¶ 15} Anderson has not demonstrated that his sentence is contrary to law and, thus, has failed to establish plain error.  Accordingly, we overrule his sole assignment of error.

## IV.  Disposition

{¶ 16} Based on the foregoing reasons, Anderson's sentence is in accordance with law.  Having overruled Anderson's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.