[Cite as *State v. Bell*, 2018-Ohio-3576.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-645 |
| v. | : | (C.P.C. No. 09CR-2448) |
| William J. Bell, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on September 6, 2018

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert,* for appellee.

**On brief:** *Timothy Young*, Ohio Public Defender, and *Marley C. Nelson*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, William J. Bell, appeals the August 11, 2017 judgment of the Franklin County Court of Common Pleas denying his motion to vacate his postrelease control.

## I. Facts and Procedural History

{¶ 2} On April 29, 2009, a Franklin County Grand Jury filed an indictment charging appellant with six criminal counts: four counts of felonious assault, in violation of R.C. 2903.11, all felonies of the second degree; and two counts of domestic violence, in violation of R.C. 2919.25, both felonies of the fourth degree. All counts contained two firearm specifications pursuant to R.C. 2941.145 and 2941.146.

{¶ 3} On May 26, 2010, the trial court, pursuant to a guilty plea, convicted appellant of two counts of felonious assault, each with one-year firearm specifications, and

one count of domestic violence without specification. The court imposed a total sentence of 4 years and 11 months as follows: 2 years on the two counts of felonious assault, to run concurrently with each other; 11 months on the count of domestic violence, to run consecutively to the other counts; and 1 year on each of the firearm specifications, to run consecutively to the other counts. The court also imposed a three-year period of postrelease control. On May 27, 2010, the trial court filed a judgment entry reflecting appellant's conviction and sentence. On September 19, 2011, the trial court filed an amended judgment entry.

{¶ 4}   On June 28, 2017, appellant filed a motion to vacate postrelease control. On July 12, 2017, plaintiff-appellee, State of Ohio, filed a memorandum contra. On August 11, 2017, the trial court filed a judgment entry denying appellant's June 28, 2017 motion.

## II.  Assignment of Error

{¶ 5}   Appellant appeals and assigns the following single assignment of error for our review:

> The trial court erred by failing to vacate William J. Bell's postrelease control. *State v. Grimes*, Slip Opinion No. 2017-Ohio-2927; *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960; May 27, 2010, Franklin County Case No. 09CR-2448, Judgment Entry; Department of Rehabilitation and Correction DOTS Report.

## III.  Discussion

{¶ 6}   The Supreme Court of Ohio has held that " 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing' and that 'any sentence imposed without such notification is contrary to law.' " *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23. In order for notification to comply with statutory requirements, the trial court must notify the defendant "of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18.

{¶ 7}   In addition to providing the required notification at the sentencing hearing, the trial court must "incorporate postrelease control into its sentencing entry, which thereby empowers the executive branch of government to exercise its discretion" in administering postrelease control. *Jordan* at ¶ 22. In order for a sentencing entry to be "minimally compliant" it "must provide the [Adult Parole Authority] the information it

needs to execute the postrelease-control portion of the sentence." *Grimes* at ¶ 13. Thus, in order to "validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing," the Supreme Court has held the sentencing entry must contain the following information: "(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ('APA') will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *Grimes* at ¶ 1.

{¶ 8}   At the sentencing hearing, the trial court engaged in the following dialogue with appellant and his counsel:

> THE COURT: Do you understand that after serving any period of incarceration that is imposed by the Court, that there is a mandatory period of post-release control of three years that you will be under the supervision of the Adult Parole Authority?
>
> THE DEFENDANT: You said three years?
>
> THE COURT: Yes.
>
> THE DEFENDANT: I will have a chance at it?
>
> THE COURT: If a prison term is imposed on this case, whatever that prison term is, four years and 11 months, there is a mandatory post-release control period. So after you serve the prison term, you will be under the supervision of the parole authority on a post-release control sanction.
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand if you violate any condition or sanction that is imposed by the parole authority, they can add on prison time to the sentence that the Court imposes?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And they can add on an additional amount of sentencing, up to half of the amount of the sentence that the Court imposed?

THE DEFENDANT: Yes, ma'am.

* * *

[APPELLANT'S COUNSEL]: Your Honor, I just have one other question. The post-release control, I don't know what that means.

THE COURT: The post-release control is the mandatory three years.

(Tr. at 14-16; 23.)  The entry of guilty plea, signed by appellant and filed by the trial court on May 27, 2010, indicated that a mandatory three-year period of postrelease control was applicable and although it did not specifically reference R.C. 2967.28, it detailed the potential consequences for violation of postrelease control.  Appellant also signed the written notice of prison imposed, which informed him he "will" be subject to three years postrelease control and although, like the entry of guilty plea form, it did not specifically reference R.C. 2967.28, the form detailed the potential consequences for violation of postrelrease control.  Both the trial court's May 27, 2010 and September 19, 2011 judgment entries stated that "[t]he Court, pursuant to this entry, notified [appellant] that he will receive a period of post-release control of 3 years and, if he violates post-release control his sentence will be extended administratively in accordance with state law."

{¶ 9}  Appellant concedes for purposes of this appeal that he received correct oral advisements of postrelease control.  Nevertheless, appellant contends the sentencing entry is deficient under *Grimes* because it did not mention R.C. 2967.28 or any other statutory provision relating to postrelease control, and because it did not mention the Ohio Adult Parole Authority ("APA") or the Ohio Parole Board.

{¶ 10} In *Grimes*, the Supreme Court found the following statement in the sentencing entry properly incorporated notice of postrelease control:

> "The Court further notified the Defendant that **'Post Release Control'** is **mandatory** in this case for *three (03) years* as well as the consequences for violating conditions of post release control imposed by Parole Board under Revised Code § 2967.28. The Defendant is ordered to serve as part of this sentence any term for violation of that post release control."

(Emphasis sic.)  *Grimes* at ¶ 2, quoting sentencing entry.  The court noted the sentencing entry "met the statutory threshold for imposing a valid postrelease-control sentence" in

part because "[b]y referring to R.C. 2967.28, the trial court's entry empowered Grimes and other readers to consult the statute and determine what consequences the APA could impose for any violation of the conditions of postrelease-control." *Id.* at ¶ 19.

{¶ 11} Here, unlike in *Grimes*, the trial court's judgment entry did not reflect the statutory provision controlling the terms of appellant's postrelease control. Nor did the entry otherwise mention consequences the APA could impose for violations of postrelease control. As a result, the entry failed to comply with the third *Grimes* requirement that the sentencing entry contain "a statement to the effect that the [APA] will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *Id.* at ¶ 1.

{¶ 12} Having found the trial court's entry fails to comply with *Grimes*, we next consider the appropriate remedy. Appellant urges us to order his immediate release and vacate any remaining portion of postrelease control. We have previously found that where a defendant is properly notified of postrelease control at the sentencing hearing, but the trial court's judgment entry insufficiently incorporates such notice, the appropriate remedy is "that a nunc pro tunc entry be issued correcting the deficiency in the judgment entry as defined in *Grimes*." *State v. Harper*, 10th Dist. No. 17AP-762, 2018-Ohio-2529, ¶ 19. Accordingly, because the trial court's judgment entry failed to fully incorporate the terms of the postrelease control imposed at sentencing, we partially sustain appellant's assignment of error for the limited purpose of correcting the judgment entry in compliance with *Harper* and *Grimes*.

## IV. Conclusion

{¶ 13} Having partially sustained appellant's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, but remand to that court for the limited purpose of issuing a nunc pro tunc entry correcting appellant's sentencing entry.

*Judgment affirmed;*
*cause remanded.*

BROWN, P.J., and LUPER SCHUSTER, J., concur.

————————————