[Cite as *State v. Partee*, 2018-Ohio-3878.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| | | No. 17AP-804 |
| Plaintiff-Appellee, | : | (M.C. No. 2016TRC181836) |
| | | **and** |
| v. | : | No. 17AP-805 |
| | | (M.C. No. 2016CRB23480) |
| James J. Partee, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

## D E C I S I O N

### Rendered on September 25, 2018

---

**On brief:** *Zach Klein*, City Attorney, *Lara N. Baker*, and *Melanie R. Tobias*, for appellee. **Argued:** *Melanie R. Tobias.*

**On brief:** *James J. Partee*, pro se. **Argued:** *James J. Partee.*

---

APPEALS from the Franklin County Municipal Court

PER CURIAM.

{¶ 1} Defendant-appellant, James J. Partee, pro se, appeals from judgment entries of the Franklin County Municipal Court finding him guilty, pursuant to jury verdict, of one count of operating a vehicle while under the influence of alcohol ("OVI") and one count of obstructing official business. The trial court also found Partee guilty, pursuant to court finding, of one count of failure to obey a traffic control device. For the following reasons, we affirm.

### I. Facts and Procedural History

{¶ 2} On October 13, 2016, Partee received a citation and summons for one count of OVI in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor; and one count of failure to obey a traffic control device in violation of R.C. 4511.12, a minor misdemeanor. That same day, plaintiff-appellee, State of Ohio, issued Partee a criminal complaint for one

count of obstructing official business in violation of R.C. 2921.31.  The charges related to a traffic stop conducted by a Clinton Township police officer.  Partee entered a plea of not guilty to all three charges.

{¶ 3}  At a jury trial beginning August 2, 2017, Michael Jesionek, an officer with the Clinton Township Police Department, testified that at approximately 10:00 p.m. on October 12, 2016 he was on patrol with his training officer, Sergeant Joe McCoy, when he observed a vehicle travel through a stop sign without making a complete stop.  Officer Jesionek identified Partee as the driver of the vehicle.  Officer Jesionek testified that he then followed the vehicle and observed Partee make a left hand turn through a red stop light.  At that point, Officer Jesionek activated his cruiser lights and initiated a traffic stop of Partee's vehicle.  The red light violation and subsequent traffic stop occurred in Franklin County, Ohio.  Though he was wearing a body camera during the traffic stop, Officer Jesionek testified he attempted to turn the camera on but was unsuccessful.

{¶ 4}  Officer Jesionek testified that when he approached Partee's vehicle and Partee rolled down the window, he could immediately smell a strong odor of alcohol coming from the vehicle.  Additionally, Officer Jesionek said he observed Partee had glassy eyes.  Based on his training and experience as a police officer, Officer Jesionek testified that glassy eyes are an indicator that a person has consumed alcohol.

{¶ 5}  Officer Jesionek said Partee was agitated and argumentative and refused to give his driver's license to Officer Jesionek.  Officer Jesionek testified he asked Partee for identification "four or five times" and attempted to explain the purpose of the traffic stop but that Partee continued to argue with him.  (Tr. at 169.)  Officer Jesionek said Partee insisted that law enforcement officers needed to present three forms of identification to the subjects of their traffic stops.  At that point, Officer Jesionek said he asked Partee to step out of the vehicle but that Partee refused.  Officer Jesionek said he asked Partee to get out of the vehicle "four or five" times and that Partee refused each time.  (Tr. at 170.)

{¶ 6}  Ultimately, Officer Jesionek informed Partee he was under arrest and opened the driver's door to Partee's vehicle.  Officer Jesionek testified that at that point, Partee stood up willingly and Officer Jesionek immediately placed him in handcuffs.

{¶ 7}  Once Partee was in handcuffs, Officer Jesionek searched Partee for weapons.  Officer Jesionek testified that Partee was upset and began making "strange statements."

(Tr. at 172.) Officer Terry Phillips arrived with a cruiser with a functional backseat with passenger capacity. When Officer Jesionek transported Partee to the other cruiser, he said Partee was "[a]rgumentative, angry, [and] belligerent," and still refused to identify himself and insisted that the officers provide three forms of identification for themselves. (Tr. at 172.) Officer Phillips was wearing a body camera and activated it to record the officers' interactions with Partee. The officers placed Partee in the back of Officer Phillips' cruiser, and Officer Phillips described Partee as "agitated" and "making really off color -- off the wall remarks to the officers." (Tr. at 202.)

{¶ 8} Officer Jesionek testified he could smell a "very strong" odor of alcohol during his interactions with Partee. (Tr. at 174.) Officer Phillips also testified he smelled an odor of alcohol on Partee. Partee refused to participate in any field sobriety tests, and the officers transported Partee to the Clinton Township Police station to process his arrest. Officer Jesionek said Partee was still "angry" and "belligerent" at the police station and continued to accuse the police officers of "strange things." (Tr. at 175.) Partee refused to submit to a breath test or chemical test once at the police station.

{¶ 9} At the conclusion of the state's evidence, Partee's counsel made a Crim.R. 29 motion for acquittal. The trial court overruled the Crim.R. 29 motion, and Partee did not call any witnesses. Following deliberations, the jury returned guilty verdicts on the offenses of obstructing official business and OVI. Additionally, the trial court found Partee guilty of the offense of failure to obey a traffic control device.

{¶ 10} The trial court conducted a sentencing hearing on October 30, 2017. The trial court sentenced Partee to 90 days on the obstructing official business charge, 180 days on the OVI charge with 90 days suspended for 2 years of community control and a $500 fine plus court costs, and $150 plus costs on the failure to obey a traffic control device offense. The trial court journalized Partee's convictions and sentence in two October 30, 2017 sentence entries, one for the OVI and failure to obey a traffic control device conviction, and a separate entry for the obstructing official business conviction. Partee timely appeals. The trial court stayed the execution of the sentence pending appeal.

## II. Assignments of Error

{¶ 11} Partee assigns the following errors for our review:

[1.] Denial of effective cross.

[2.] Witness lacked personal knowledge.

[3.] No presumption of innocence.

[4.] Ineffective counsel.

[5.] No evidence of obstruction.

## III. First Assignment of Error – Cross-Examination

{¶ 12} In his first assignment of error, Partee argues the trial court erred in denying him "effective" cross-examination of Officer Jesionek. (Partee's Brief at 4.) However, Partee does not point to anything in the record to support his argument that the trial court denied him the opportunity to cross-examine Officer Jesionek. *See, e.g., Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 20 (stating "[i]t is not the duty of [an appellate] court to search the record for evidence to support an appellant's argument as to alleged error"). Moreover, a review of the trial transcript indicates Partee's trial counsel engaged in substantial cross-examination of Officer Jesionek. Accordingly, we overrule Partee's first assignment of error.

## IV. Second Assignment of Error – Personal Knowledge

{¶ 13} In his second assignment of error, Partee argues the trial court erred in allowing Officer Jesionek to testify because Officer Jesionek lacked personal knowledge regarding Partee's arrest. Generally, the admission or exclusion of evidence lies in the sound discretion of the trial court, and we will not disturb that decision absent an abuse of discretion. *State v. Darazim*, 10th Dist. No. 14AP-203, 2014-Ohio-5304, ¶ 16, citing *State v. Issa*, 93 Ohio St.3d 49, 64 (2001). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 14} Partee did not object to Officer Jesionek's testimony at trial on the basis that Officer Jesionek lacked personal knowledge. Thus, Partee has waived this argument for all but plain error. *State v. Watts*, 10th Dist. No. 15AP-951, 2016-Ohio-5386, ¶ 32. "A court recognizes plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice." *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 58 (10th Dist.), citing *State v. Saleh*, 10th Dist. No. 07AP-431, 2009-Ohio-1542, ¶ 68.

{¶ 15} For an error to be a "plain error" under Crim.R. 52(B), it must satisfy three prongs: (1) there must be an error, meaning a deviation from a legal rule, (2) the error must be "plain," meaning an "obvious" defect in the trial proceedings, and (3) the error must have affected "substantial rights," meaning the error must have affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶ 16} Evid.R. 602 provides "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Partee asserts Officer Jesionek lacked personal knowledge to testify regarding Partee's conduct and his arrest. However, Evid.R. 602 further provides that "[e]vidence to prove personal knowledge may * * * consist of the witness' own testimony." Here, Officer Jesionek testified he personally observed Partee during the traffic stop and during the arrest. This testimony is sufficient to establish Officer Jesionek had the requisite personal knowledge of the matter pursuant to Evid.R. 602. Thus, because Partee does not demonstrate plain error related to Officer Jesionek's personal knowledge, we overrule his second assignment of error.

## V. Third Assignment of Error – Presumption of Innocence

{¶ 17} In his third assignment of error, Partee argues the trial court erred by not affording him a presumption of innocence. More specifically, Partee appears to argue the trial court erred by presuming the laws of the state of Ohio applied to him without requiring the state to prove he was subject to the Ohio Constitution and the Ohio Revised Code.

{¶ 18} To the extent Partee's third assignment of error is a challenge to the trial court's jurisdiction to hear the case and, ultimately, convict Partee of a crime, his argument is unpersuasive. "The term 'jurisdiction' refers to the court's statutory or constitutional authority to hear a case." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 10. "The concept encompasses jurisdiction over the subject matter of a case as well as jurisdiction over the person." *Id.* While a challenge to a court's subject-matter jurisdiction can never be waived, "a challenge to personal jurisdiction or jurisdiction over the person is waivable by the defendant's voluntary submission at an initial appearance or by entering a plea of not guilty." *Id.*, citing *State v. Holbert*, 38 Ohio St.2d 113, 118 (1974). Partee entered a plea of not guilty to all the charges, so he waived any challenge to personal jurisdiction. Thus, we construe his argument as a challenge to the trial court's subject-matter jurisdiction.

{¶ 19}  "Municipal courts are created by statute, R.C. 1901.01, and their subject-matter jurisdiction is also set by statute.  A municipal court in Ohio has jurisdiction over misdemeanors occurring within its territorial jurisdiction."  *Mbodji* at ¶ 11.  R.C. 1901.20(A)(1) provides "[t]he municipal court has jurisdiction to hear misdemeanor cases committed within its territory and has jurisdiction over the violation of any ordinance of any municipal corporation within its territory."

{¶ 20}  Officer Jesionek testified that Partee's conduct leading to the three charges of OVI, obstructing official business, and failure to obey a traffic control device all occurred within the territorial jurisdiction of Franklin County.  The Franklin County Municipal Court has jurisdiction within Franklin County and jurisdiction as set forth in R.C. 1901.02(A).  R.C. 1901.02(B).  Partee does not dispute the three offenses with which he was charged are misdemeanor offenses.  Thus, the record demonstrates that the trial court had subject-matter jurisdiction to hear the case and, ultimately, to convict Partee of the criminal offenses.  We overrule Partee's third assignment of error.

## VI.  Fourth Assignment of Error – Ineffective Assistance of Counsel

{¶ 21}  In his fourth assignment of error, Partee argues he received the ineffective assistance of counsel.  In order to prevail on a claim of ineffective assistance of counsel, Partee must satisfy a two-prong test.  First, he must demonstrate that his counsel's performance was deficient.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This first prong requires Partee to show that his counsel committed errors which were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  If Partee can so demonstrate, he must then establish that he was prejudiced by the deficient performance.  *Id.*  To show prejudice, Partee must establish there is a reasonable probability that, but for his counsel's errors, the result of the trial would have been different.  A "reasonable probability" is one sufficient to undermine confidence in the outcome of the trial.  *Id.* at 694.

{¶ 22}  In considering claims of ineffective assistance of counsel, courts indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 101.  Partee contends his trial counsel was ineffective in failing to raise the issue of lack of subject-matter jurisdiction at the trial court.  However, as we explained in our resolution of

Partee's third assignment of error, the trial court had subject-matter jurisdiction to hear the case. Thus, Partee's trial counsel's failure to raise an argument related to lack of subject-matter jurisdiction cannot form the basis of a claim of ineffective assistance of counsel. *State v. Hughes*, 10th Dist. No. 14AP-360, 2015-Ohio-151, ¶ 53. Accordingly, we overrule Partee's fourth assignment of error.

## VII. Fifth Assignment of Error – Obstructing Official Business

{¶ 23} In his fifth and final assignment of error, Partee argues the trial court erred in convicting him of the offense of obstructing official business because there was "no evidence" of this offense. (Partee's Brief at 7.) We construe this argument as a challenge to the sufficiency of the evidence.

{¶ 24} Whether there is legally sufficient evidence to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Sufficiency is a test of adequacy. *Id.* The relevant inquiry for an appellate court is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Mahone*, 10th Dist. No. 12AP-545, 2014-Ohio-1251, ¶ 38, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, ¶ 37.

{¶ 25} Partee was convicted of obstructing official business in violation of R.C. 2921.31(A). Pursuant to R.C. 2921.31(A), the offense of obstructing official business "has five essential elements: '(1) an act by the defendant, (2) done with the purpose to prevent, obstruct, or delay a public official, (3) that actually hampers or impedes a public official, (4) while the official is acting in the performance of a lawful duty, and (5) the defendant so acts without privilege.' " *Columbus v. Montgomery*, 10th Dist. No. 09AP-537, 2011-Ohio-1332, ¶ 89, quoting *State v. Kates*, 169 Ohio App.3d 766, 2006-Ohio-6779, ¶ 21 (10th Dist.).

{¶ 26} "To prove the crime of obstructing official business, there must be proof of an affirmative act that hampered or impeded the performance of the lawful duties of a public official." *Montgomery* at ¶ 90, citing *State v. Grooms*, 10th Dist. No. 03AP-1244, 2005-Ohio-706, ¶ 18. Partee argues there was no evidence that he had any criminal intent to obstruct the law enforcement agents in the commission of their duties. However, "[t]he appellant's intent to obstruct, delay, or prevent a public official from carrying out his duties may be inferred from [his] actions. Purposely obstructing official business is determined

from the manner in which it is done, the means used, and all other facts and circumstances introduced into evidence." *Montgomery* at ¶ 90, citing *Grooms* at ¶ 18.

{¶ 27} Here, Officer Jesionek testified that Partee refused to identify himself or provide Officer Jesionek with his driver's license despite repeated requests. Additionally, Partee repeatedly refused to exit his vehicle after being ordered to do so. Partee was also argumentative and belligerent throughout his interactions with law enforcement. Moreover, Partee continually insisted that the officers needed to provide him with three forms of identification. Officer Jesionek testified that Partee's behavior caused the traffic stop to take substantially more time than usual because of his lack of cooperation. We find this evidence sufficient for the trier of fact to infer that Partee intended his behavior to disrupt the officers' performance of their duties. Thus, we overrule Partee's fifth and final assignment of error.

{¶ 28} We note, however, that while neither party raises the issue, the sentence entry in Franklin C.P. No. 16CRB23480 (case No. 17AP-805) contains a clerical error. Though the amended complaint reflects the state charged Partee with obstructing official business in violation of R.C. 2921.31 and the parties do not dispute the conviction was for a violation of R.C. 2921.31, the sentence entry lists the offense as R.C. 2921.32. We find this is a clerical error, and we therefore remand this cause to the trial court for the limited purpose of issuing a nunc pro tunc entry reflecting that Partee's conviction is for a violation of R.C. 2921.31. *See State v. Silguero*, 10th Dist. No. 02AP-234, 2002-Ohio-6103, ¶ 14 (construing incorrect statute in sentencing entry as a clerical error to be corrected on remand pursuant to Crim.R. 36). "Such an administrative correction does not necessitate a new sentencing hearing." *State v. Harris*, 10th Dist. No. 15AP-683, 2016-Ohio-3424, ¶ 56, citing *State v. Rivera*, 10th Dist. No. 14AP-460, 2015-Ohio-1731, ¶ 6.

## VIII. Disposition

{¶ 29} Based on the foregoing reasons, the trial court did not deny Partee the ability to cross-examine the witnesses, the trial court did not err in its evidentiary rulings, the trial court had subject-matter jurisdiction to hear the case, Partee did not receive ineffective assistance of counsel, and sufficient evidence supports Partee's conviction for obstructing official business. However, we must remand this matter to the trial court to correct the clerical error in the sentence entry. Having overruled Partee's five assignments of error, we

affirm the judgments of the Franklin County Municipal Court, and we remand the matter to that court for the limited purpose of entering a nunc pro tunc entry correcting the mistyped statutory violation.

*Judgments affirmed; cause remanded.*

BROWN, P.J., and LUPER SCHUSTER and BRUNNER, JJ.