[Cite as *State v. Maxwell*, 2019-Ohio-2191.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-341 |
| | | (C.P.C. No. 17CR-2728) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Robert H. Maxwell, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 4, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Law Offices of Mark J. Miller, LLC,* and *Mark J. Miller*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Robert H. Maxwell, appeals from a judgment entry of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty plea, of one count of felonious assault. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} By indictment filed May 18, 2017, plaintiff-appellee, State of Ohio, charged Maxwell with one count of felonious assault in violation of R.C. 2903.11, a second-degree felony. The charges related to Maxwell's assault of his wife in front of a grocery store. After initially entering a plea of not guilty, Maxwell entered a guilty plea on January 23, 2018. At the plea hearing, the state entered the facts into the record and stated Maxwell punched his wife in the face two times with a closed fist, causing his wife to suffer extensive physical injuries. The trial court ordered a presentence investigation and scheduled a sentencing hearing.

{¶ 3}    At the April 12, 2018 sentencing hearing, the trial court stated it had reviewed several letters from the victim's family and friends as well as a letter from the victim, who did not appear at the hearing.  Following the hearing, the trial court sentenced Maxwell to five years in prison and informed him he would be placed on post-release control for up to three years.  The trial court journalized Maxwell's conviction and sentence in an April 12, 2018 judgment entry.  Maxwell timely appeals.

## II.  Assignments of Error

{¶ 4}    Maxwell assigns the following errors for our review:

[1.] The Appellant's felony sentence is not supported by the record and is contrary to law, as the trial court did not fully consider the factors contained in R.C. 2929.12 and improperly imposed post-release control.

[2.] The trial court committed reversible error by considering victim-impact statements at the Appellant's sentencing.

## III.  First Assignment of Error – Sentence

{¶ 5}    In his first assignment of error, Maxwell argues the trial court erred in imposing his sentence.  More specifically, Maxwell argues the trial court erred in failing to consider R.C. 2929.11 and 2929.12 at the sentencing hearing, and he asserts the trial court improperly imposed post-release control.

{¶ 6}    An appellate court will not reverse a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or that the sentence is contrary to law.  *State v. Chandler*, 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 10, citing *State v. Maxwell*, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 27, citing *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 10.  *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law").  "In determining whether a sentence is contrary to law, an appellate court must review the record to determine whether the trial court considered the appropriate statutory factors, made the required findings, gave the reasons for its findings, and properly applied the statutory guidelines." *Maxwell* at ¶ 27, citing *State v. Altalla*, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, ¶ 7.

### A. Consideration of R.C. 2929.11 and 2929.12

{¶ 7} Maxwell argues the trial court erred in failing to state at the sentencing hearing that it considered the factors in R.C. 2929.11 and 2929.12 in determining Maxwell's sentence. This court has noted, however, that a trial court need not use any specific language at the sentencing hearing as proof that it considered the factors outlined in R.C. 2929.12. *State v. Fisher*, 10th Dist. No. 13AP-995, 2014-Ohio-3887, ¶ 16, citing *State v. Saur*, 10th Dist. No. 10AP-1195, 2011-Ohio-6662, ¶ 44, citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). Additionally, the trial court wrote in its judgment entry imposing Maxwell's sentence that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." (Apr. 12, 2018 Jgmt. Entry at 1.) "The inclusion of such language in a judgment entry belies a defendant's claim that the trial court failed to consider the R.C. 2929.12 factors." *State v. Anderson*, 10th Dist. No. 16AP-810, 2017-Ohio-7375, ¶ 11.

{¶ 8} Maxwell argues the trial court sentenced him solely based on the severity of injuries his wife suffered in the attack without affording proper consideration to the factors in R.C. 2929.12, including any mitigating factors. However, the trial court has discretion to assign weight to each particular statutory factor. *Fisher* at ¶ 16, citing *Saur* at ¶ 46. Maxwell's sentence was within the range of permissible sentences for his conviction of felonious assault as a felony of the second degree; that the trial court imposed more than the minimum sentence does not render the trial court's imposition of sentence contrary to law. *State v. Robinson*, 10th Dist. No. 15AP-910, 2016-Ohio-4638, ¶ 18 (a trial court does not abuse its discretion in imposing the maximum sentence where that sentence is within the statutory range of permissible sentences), citing *State v. Salinas*, 10th Dist. No. 09AP-1201, 2010-Ohio-4738, ¶ 65. Thus, the trial court did not err in imposing Maxwell's sentence pursuant to R.C. 2929.11 and 2929.12.

### B. Imposition of Post-Release Control

{¶ 9} Maxwell additionally argues that the trial court improperly imposed post-release control.

{¶ 10} " '[A] trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing' " and " 'any sentence imposed without such notification is contrary to law.' " *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 8, quoting *State v.*

*Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23, *superseded by statute on separate grounds*. Adequate notification that complies with the statutory requirements directs that a trial court must notify the defendant "of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18.

{¶ 11} In addition to notifying a defendant at the sentencing hearing, the trial court must also incorporate post-release control into its sentencing entry. *Grimes* at ¶ 11, citing *Jordan* at ¶ 22. "[T]o validly impose postrelease control, a minimally compliant entry must provide the [Adult Parole Authority] the information it needs to execute the postrelease-control portion of the sentence." *Grimes* at ¶ 13. Thus, in order to "validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing," the sentencing entry must specifically note "(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ('APA') will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *Grimes* at ¶ 1.

{¶ 12} Pursuant to R.C. 2967.28(B)(2), an offender convicted of a second-degree felony and sentenced to a prison term is subject to a mandatory three-year period of post-release control. Maxwell asserts, however, that the trial court erroneously indicated his post-release control was discretionary and erroneously indicated that the term of post-release control could be less than three years.

{¶ 13} At the sentencing hearing, the trial court stated:

> Because you are being sent to prison you will be placed on post-release control whereby the Adult Parole Authority will supervise your behavior upon your release for up to three years. If you were to violate the terms of your release, the Adult Parole Authority can extend your time on post-release control, return you to prison for up to one half of your original sentence or impose additional conditions on your post-release control.

(Apr. 12, 2018 Sentencing Tr. at 12.)

{¶ 14} Maxwell argues that the trial court's statement that he would be subject to "up to" three years on post-release control conveyed to Maxwell that the imposition of post-

release control was discretionary. However, when read in context, the trial court states, using affirmative, mandatory language, that Maxwell *will be* placed on post-release control, not that he may be. Further, R.C. 2967.28(B)(2) specifically provides that the three-year term is mandatory "unless reduced by the parole board pursuant to division (D) of this section." Turning to R.C. 2967.28(D)(3), "[i]f the [APA] recommends that the board or court reduce the duration of control for an offense described in division (B) or (C) of this section, the board or court shall review the releasee's behavior and * * * may reduce the duration of the period of control imposed by the court." Thus, the court used appropriate language at the sentencing hearing to convey, pursuant to the statutory guidelines, that the imposition of post-release control was mandatory but that the term was subject to the discretion of the APA.

{¶ 15} Although we conclude the trial court properly advised Maxwell of the imposition of post-release control at the sentencing hearing, the sentencing entry erroneously states that the trial court notified Maxwell that he "may receive an optional period of post-release control of up to 3 years, to be determined by the [APA] as it relates to R.C. 2967.28." (Emphasis omitted.) (Jgmt. Entry at 2.) This statement erroneously indicates that the imposition of post-release control was discretionary rather than mandatory, in violation of the test outlined in *Grimes*. *Grimes* at ¶ 1. The state concedes the judgment entry contains this error.

{¶ 16} Having found the trial court's judgment entry fails to comply with *Grimes*, we next consider the appropriate remedy. "We have previously found that where a defendant is properly notified of post-release control at the sentencing hearing, but the trial court's judgment entry insufficiently incorporates such notice, the appropriate remedy is 'that a nunc pro tunc entry be issued correcting the deficiency in the judgment entry as defined in *Grimes*.' " *State v. Bell*, 10th Dist. No. 17AP-645, 2018-Ohio-3576, ¶ 12, quoting *State v. Harper*, 10th Dist. No. 17AP-762, 2018-Ohio-2529, ¶ 19. Thus, because the trial court adequately informed Maxwell at the sentencing hearing that the imposition of the post-release control was mandatory but the sentencing entry erroneously indicated it was discretionary, we overrule in part and sustain in part Maxwell's first assignment of error, and we remand the matter to the trial court for the limited purpose of issuing a nunc pro tunc entry to correct the judgment entry in compliance with *Grimes*.

### IV.  Second Assignment of Error – Victim Impact Statements

{¶ 17}  In his second and final assignment of error, Maxwell argues the trial court erred in relying on the victim impact statement and letters from the victim's family and friends in crafting a sentence.  The letters included statements from the authors urging the trial court to impose the maximum sentence.

{¶ 18}  Maxwell asserts victim impact statements cannot be considered when they opine as to the sentence the offender should receive.  Maxwell relies on the Supreme Court of Ohio's decision in *State v. Fautenberry*, 72 Ohio St.3d 435 (1995), which stated it is error for a sentencing court, in a capital case, to admit portions of victim impact statements that include "expressions of opinion relating to the appropriate sentence to be imposed." *Fautenberry* at 439.  We are mindful, however, that this is not a capital case, and that sentencing in capital cases is fundamentally different than non-capital cases.  *See State v. Hufnagel*, 7th Dist. No. 12 MA 195, 2014-Ohio-1799, ¶ 25.  Moreover, Maxwell ignores the broader holding in *Fautenberry* that finds that even if it was error to admit the portion of victim impact statements opining on the duration of the sentence, such error does not warrant reversal because the court is presumed to consider only the relevant, admissible evidence.  *Fautenberry* at 439; *see also State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 148 ("[t]his court will presume that a trial court considered only the relevant, material, and competent evidence in arriving at its judgment, unless the contrary affirmatively appears from the record").

{¶ 19}  Here, though the trial court stated it reviewed and considered the victim impact statement and letters from the victim's family and friends, the trial court did not impose the maximum sentence.  Thus, it appears from the record that the trial court did not unduly consider, nor was it unduly influenced by, the portions of the statements urging the court to impose the maximum sentence.  Accordingly, Maxwell cannot demonstrate error from the trial court's consideration of the victim impact statements.  We overrule his second and final assignment of error.

### V.  Disposition

{¶ 20}  Based on the foregoing reasons, the trial court did not err in imposing Maxwell's sentence or in imposing post-release control, and the trial court did not err in its consideration of the victim impact statements.  However, the judgment entry erroneously

reflects that the imposition of post-release control was discretionary rather than mandatory.  Having overruled in part and sustained in part Maxwell's first assignment of error and having overruled Maxwell's second assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas but remand to that court for the limited purpose of issuing a nunc pro tunc entry correcting Maxwell's sentencing entry.

*Judgment affirmed; cause remanded.*

BROWN and DORRIAN, JJ., concur.