[Cite as *State v. Coffman*, 2019-Ohio-4145.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                        :

    Plaintiff-Appellee,                        :

                                            No. 18AP-997

v.                                                   :        (C.P.C. No. 17CR-5746)

Jonathan B. Coffman,                                 :        (REGULAR CALENDAR)

    Defendant-Appellant.                       :

---

D E C I S I O N

Rendered on October 8, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert*.

**On brief:** *Yeura Venters*, Public Defender, and *Ian J. Jones*, for appellant. **Argued:** *Ian J. Jones*.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Jonathan B. Coffman, appeals from the judgment of the Franklin County Court of Common Pleas sentencing him to an aggregate eight and one-half year term of imprisonment following entry of his guilty pleas to aggravated vehicular homicide and operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them ("OVI"). For the reasons outlined below, we affirm.

{¶ 2} On July 31, 2017, Westerville police discovered the body of a woman in the brush along the west side of Park Meadow Road north of Brooksedge Boulevard in Westerville. Vehicle debris and tire marks found nearby led police to believe the woman had been struck by a vehicle. The woman was pronounced dead at the scene.

{¶ 3}   A witness told police he had seen a silver Ford SUV stopped on Park Meadow Road near where the woman was found; a heavy set, white male with a scruffy beard was standing outside examining the front passenger side of the SUV.   Shortly thereafter, police observed a man who matched that description exit his silver Ford Explorer in the west lot of Brooksedge Boulevard.  The man was later identified as appellant.

{¶ 4}   Officers observed blood spatter on appellant's vehicle and damage to the vehicle consistent with the debris found near the victim's body.   Officers interviewed appellant and administered standard field sobriety tests. Appellant admitted that he had taken Seroquel the previous night and had smoked marijuana the previous weekend.  He further admitted that he had driven down Park Meadow Drive and fell asleep while driving. He also disclosed that he "thought he hit something but couldn't see anything."  (Oct. 1, 2018 Plea Hearing Tr. at 6.)

{¶ 5}   The Franklin County Coroner performed an autopsy on the victim and concluded that the fatal injuries sustained were consistent with being struck by a motor vehicle.  Accident reconstructionists determined that the victim attempted to avoid being struck by appellant's vehicle, which had partially swerved off the road.  Police confirmed that the blood spatter recovered from appellant's vehicle matched the victim's DNA.

{¶ 6}   On October 23, 2017, appellant was indicted on two counts of aggravated vehicular homicide in violation of R.C. 2903.06, one second-degree felony and one third-degree felony; one count of failure to stop after an accident in violation of R.C. 4549.02, a third-degree felony; and one count of OVI in violation of R.C. 4511.19, a first-degree misdemeanor.   Appellant entered a plea of not guilty to the charges.

{¶ 7}   On October 1, 2018, appellant entered into a written, negotiated plea agreement wherein he agreed to plead guilty to second-degree felony aggravated vehicular homicide and OVI as indicted in exchange for the state's agreement to dismiss the remaining charges against appellant. At the plea hearing, the state recited the factual basis for the crimes.  The trial court then engaged in a Crim.R. 11 colloquy with appellant and determined that his plea was knowing, voluntary, and intelligent.  The court accepted appellant's guilty pleas, found him guilty of second-degree felony aggravated vehicular homicide and OVI as charged, dismissed the remaining charges, ordered a presentence investigation ("PSI"), and set sentencing for a later date.

{¶ 8}   On November 29, 2018, the trial court conducted a sentencing hearing at which it imposed the maximum sentence of eight years for the aggravated vehicular homicide and the maximum sentence of six months for the OVI.  The court ordered the sentences to be served consecutively, with credit for time served.   The court also ordered a lifetime suspension of appellant's driver's license without privileges and imposed a mandatory fine of $1,350.  Appellant's trial counsel objected to the imposition of maximum, consecutive sentences.  A judgment entry memorializing appellant's sentence was filed the same day.

{¶ 9}   Appellant timely appeals and sets forth the following two assignments of error for this court's review:

> [I].  The trial court committed error by imposing consecutive sentences without making the required statutory findings and by not engaging in the correct analysis required by R.C. 2929.14(C)(4) and R.C. 2929.41(A), and mandated by the Ohio Supreme Court in *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.
>
> [II].   The trial court erred in imposing the maximum sentences for each count by failing to properly consider the various factors required by R.C. 2929.12.

{¶ 10}  In his first assignment of error, appellant contends the trial court erred by imposing consecutive sentences without making the statutory findings required by R.C. 2929.14(C)(4). We disagree.

{¶ 11}  R.C. 2929.41(A) provides:

> Except as provided in division (B) of this section, division (C) of section R.C. 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state * * *.  Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

{¶ 12}  Thus, pursuant to R.C. 2929.41(A), multiple terms of incarceration are presumed to be concurrent subject to the exceptions set forth in R.C. 2929.41(B),

2929.14(C)(4), or 2971.03(D) or (E). Under those circumstances, a trial court may impose consecutive terms of incarceration.

{¶ 13} The Supreme Court of Ohio has stated that R.C. 2929.41(B)(3) provides an exception to the general rule that misdemeanor sentences must be served concurrently to felony sentences. *State v. Polus,* 145 Ohio St.3d 266, 2016-Ohio-655, ¶ 10 ("[S]ubject only to the exceptions stated in R.C. 2929.41(B)(3), a trial court must impose concurrent sentences for felony and misdemeanor convictions."). Here, appellant was sentenced for second-degree felony aggravated vehicular homicide in violation of R.C. 2903.06 and first-degree misdemeanor OVI in violation of R.C. 4511.19. R.C. 2929.41(B)(3) provides, "[a] jail term or sentence of imprisonment imposed for a misdemeanor violation of * * * 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of * * * 2903.06 * * * when the trial court specifies that it is to be served consecutively." Thus, R.C. 2929.41(B)(3) permits a jail or prison term for a misdemeanor violation of R.C. 4511.19 to be served consecutively to a prison term for a violation of R.C. 2903.06 when specified by the trial court. The trial court specified such a sentence here. Imposition of the sentence is all that was required of the trial court in order to impose consecutive sentences. *See, e.g., State v. Gault,* 3d Dist. No. 8-7-31, 2018-Ohio-1682, ¶ 9. Contrary to appellant's argument, the trial court did not err in failing to make the findings under R.C. 2929.14(C)(4), as it was not required to do so.

{¶ 14} Accordingly, appellant's first assignment of error is overruled.

{¶ 15} In his second assignment of error, appellant contends the trial court erred in imposing maximum sentences for his offenses. Appellant acknowledges that the court's judgment entry indicates that it considered the purposes and principles of sentencing set forth in R.C. 2929.11, the factors set forth in R.C. 2929.12, and weighed the factors as required by R.C. 2929.13 and 2929.14. He argues, however, that the trial court did not articulate a basis for imposing the maximum sentences when orally imposing sentence at the sentencing hearing.

{¶ 16} This court has repeatedly held that a trial court's inclusion of language in a sentencing entry affirmatively stating that it considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12 defeats a claim that the trial court failed to consider those statutory guidelines. We very recently reiterated

this precedent in *State v. Maxwell,* 10th Dist. No. 18AP-341, 2019-Ohio-2191, stating, " '[t]he inclusion of such language in a judgment entry belies a defendant's claim that the trial court failed to consider the R.C. 2929.12 factors.' " *Id.* at ¶ 7, quoting *State v. Anderson,* 10th Dist. No. 16AP-810, 2017-Ohio-7375, ¶ 11. *See also State v. Frederick,* 10th Dist. No. 13AP-630, 2014-Ohio-1960, ¶ 14, citing *State v. Ibrahim,* 10th Dist. No. 13AP-167, 2014-Ohio-666, ¶ 10, citing *State v. Peterson,* 10th Dist. No. 12AP-646, 2013-Ohio-1807, ¶ 31. Thus, appellant's argument that the trial court did not comply with the requirements of R.C. 2929.11 and 2929.12 fails.

{¶ 17} To the extent appellant argues that the record does not support the trial court's imposition of maximum sentences and that the maximum sentences were too harsh, we note that the trial court stated that it was imposing the maximum sentence for each offense due to appellant's criminal history, which included a previous incident involving hitting a pedestrian while driving under the influence, the nature of the present crime, which resulted in fatal injuries to the victim, his lack of honesty in his interviews with the police and the PSI writer, and his lack of remorse for his actions. A trial court has discretion to assign weight to any of the factors in R.C. 2929.12. *State v. Anderson,* 10th Dist. No. 16AP-810, 2017-Ohio-7375, ¶ 14 (trial court, in exercising sentencing discretion, determines weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances); *Maxwell* at ¶ 8. We further note that appellant does not contend that the sentences were outside the range of sentences established by statute. That the trial court imposed more than the minimum sentence for each offense does not render the imposition of sentence contrary to law. *Id.,* citing *State v. Robinson,* 10th Dist. No. 15AP-910, 2016-Ohio-4638, ¶ 18 (a trial court does not abuse its discretion in imposing the maximum sentence where that sentence is within the statutory range of permissible sentences).

{¶ 18} Accordingly, appellant's second assignment of error is overruled.

{¶ 19} As the state notes in its brief, the trial court's judgment entry contains a clerical error. Although Count 4 of the indictment charged appellant with OVI in violation of R.C. 4511.19, the judgment entry states that appellant entered a guilty plea to "Court Four of the indictment, to-wit: **OVI,** in violation of R.C. 4511.10, a Misdemeanor of the First Degree." (Emphasis sic.) We find this is a clerical error, and we therefore remand this cause

to the trial court for the limited purpose of issuing a nunc pro tunc entry reflecting that appellant's OVI conviction is a violation of R.C. 4511.19. *See State v. Partee*, 10th Dist. No. 17AP-804, 2018-Ohio-3878, ¶ 28, citing *State v. Silquero,* 10th Dist. No. 02AP-234, 2002-Ohio-6103, ¶ 14 (construing incorrect statute in sentencing entry as a clerical error to be corrected on remand pursuant to Crim.R. 36). As noted in *Partee*, " '[s]uch an administrative correction does not necessitate a new sentencing hearing.' " *Id.,* quoting *State v. Harris,* 10th Dist. No. 15AP-683, 2016-Ohio-3424, ¶ 56, citing *State v. Rivera,* 10th Dist. No. 14AP-460, 2015-Ohio-1731, ¶ 6.

{¶ 20} Accordingly, having overruled appellant's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas and remand the matter to that court for the limited purpose of entering a nunc pro tunc entry correcting the aforementioned clerical error in the judgment entry.

*Judgment affirmed; case remanded with instructions.*

BROWN and BEATTY BLUNT, JJ., concur.

———————————